NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DESIREE GILBERG, on behalf of herself, all others similarly situated,

　　　　　　　　Plaintiff-Appellant,

　v.

CALIFORNIA CHECK CASHING STORES, LLC, a California corporation; CHECKSMART FINANCIAL, LLC, a Delaware limited liability company,

　　　　　　　　Defendants-Appellees.

No. 17-16263

D.C. No. 2:15-cv-02309-JAM-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted November 15, 2018
San Francisco, California

Before: FISHER and M. SMITH, Circuit Judges, and PIERSOL, District Judge.[**]

Desiree Gilberg appeals the district court's grant of defendants' motion for

summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and we review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

de novo an order granting summary judgment. *See Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1137 (9th Cir. 2009).

1. The district court properly granted CheckSmart summary judgment on Gilberg's second claim (failure to give a proper summary of rights under the Fair Credit Reporting Act (FCRA)) and fourth claim (failure to make a proper disclosure under California's Consumer Credit Reporting Agencies Act (CCRAA)). Gilberg did not oppose summary judgment on either of those claims and conceded both claims at oral argument. [1]

2. The district court properly granted California Check Cashing Services (CCCS) summary judgment on all of Gilberg's claims. Gilberg failed to present any evidence that CCCS obtained reports about her or even had a relationship to her. To show the lack of a relationship between CCCS and Gilberg, CCCS provided the testimony of CheckSmart's Vice President of Human Resources, stating that CCCS did not employ Gilberg or obtain a consumer report about her. Although Gilberg argues the declaration was not admissible as CCCS' business records, we need not reach that issue.

We address Gilberg's remaining contentions in a contemporaneously filed opinion. For the reasons stated there and here, the judgment of the district court is

---

[1] To the extent Gilberg argues the district court should have allowed further discovery, she sought further discovery relevant only to her first and third claims, not her second and fourth claims.

partially affirmed, partially vacated and remanded for proceedings consistent with these dispositions.  Each party shall bear its own costs of appeal.

**AFFIRMED IN PART; VACATED IN PART; REMANDED.**